**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1920
_____

UNITED STATES OF AMERICA

v.

RAYMOND HOWARD,
a/k/a Smiles
a/k/a Smizz,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:17-cr-00291-004)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 23, 2022
_____

Before:  KRAUSE, BIBAS, and PHIPPS, *Circuit Judges*.

(Filed: July 6, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PHIPPS**, *Circuit Judge*.

In prosecuting Raymond Howard in federal court for conspiracy to distribute an illegal mixture of heroin and carfentanil, the government relied on expert testimony for the meaning of a handful of coded terms used in the drug trade. Those terms were 'brick,' 'sleave,' 'shyt,' 'hammer,' 'fire,' 'paper,' 'breezier,' 'breezie,' 'brizzy,' and 'brizz.' Howard's trial began on Monday, October 19, 2020, and years beforehand Howard had requested a summary of the government's expert testimony under Federal Rule of Criminal Procedure 16(a)(1)(G). But the government did not reveal that it would use an expert to testify to the meaning of those drug-trade terms until the evening of October 16, 2020, the Friday before trial. Based on the timing of that notice, Howard objected and asked for a continuance, but the District Court proceeded with the trial as scheduled. The government's expert testified on the fourth day of trial. A jury convicted Howard, and the District Court sentenced him to 300 months in prison. *See* 18 U.S.C. § 3231 (conferring jurisdiction to district courts over "all offenses against the laws of the United States").

Through a timely appeal, Howard now seeks a new trial or alternatively resentencing. *See* 28 U.S.C. § 1291; Fed. R. App. P. 4(b). In reviewing the District Court's decision for an abuse of discretion, we will affirm the judgment. *See United States v. Davis*, 397 F.3d 173, 178 (3d Cir. 2005).

Under Federal Rule of Criminal Procedure 16, a defendant may request a written summary of expert testimony that the government intends to use in its case-in-chief at trial. *See* Fed. R. Crim. P. 16(a)(1)(G). Such a request obligates the government to provide a description of the expert's opinions, the bases and reasons for the opinions, as well as the expert's qualifications. *See id*. But unlike its civil counterpart, Criminal

Rule 16 does not specify a time for disclosing expert testimony. *Compare* Fed. R. Civ. P. 26(a)(2)(D)(i) (setting a presumptive expert disclosure date 90 days before trial), *with* Fed. R. Crim. P. 16(a)(1)(G) (providing no date for disclosure of expert materials). Nor do the District Court's local rules impose a deadline for the government's expert disclosures. *See* M.D. Pa. R. Ch. VIII (pertaining to depositions and discovery). And although the District Court's scheduling order set a date to exchange witness lists, it did not set a date for summaries of expert testimony. Nonetheless, this Court has cited with approval the expectation announced in the advisory committee notes to Criminal Rule 16 that "the parties will make their requests and disclosures in a timely fashion." *United States v. Hoffecker*, 530 F.3d 137, 185 (3d Cir. 2008) (quoting advisory committee notes (1966 amendment)). And a district court's order in response to an objection to the timeliness of an expert disclosure will be upheld unless it is "arbitrary, fanciful, or clearly unreasonable." *Id.*

But it is not necessary to address timeliness here because obtaining relief for the government's violation of a criminal discovery rule requires showing prejudice. *See Davis*, 397 F.3d at 178. And Howard does not make that showing. To demonstrate prejudice, a criminal defendant has to establish "a likelihood that the verdict would have been different had the government complied with the discovery rules." *Id.* (quoting *United States v. Lopez*, 271 F.3d 472, 483–84 (3d Cir. 2001)). Here, Howard posits that, absent the expert testimony, the jury would not have convicted him. But that answers the wrong question. Howard must show what would likely occur, not in the absence of the expert testimony, but rather if the testimony had been disclosed earlier. *See id.* And Howard does not demonstrate that earlier notice of the government's intention to use expert testimony for the meaning of ten terms used in the drug trade – a "relatively

uncontroversial" topic[1] – would have changed the verdict or his sentence. Without doing so, Howard does not prove the prejudice needed for a new trial, even if the government did violate Criminal Rule 16(a)(1)(G).[2] Accordingly, we will affirm the judgment of the District Court.

---

[1] *United States v. Gibbs*, 190 F.3d 188, 211 (3d Cir. 1999).

[2] On appeal, the government argues that Howard had to renew his request for Criminal Rule 16 expert disclosures after each superseding indictment and that Howard did not do so. But the government forfeited that argument by not raising it before the District Court, and no "truly exceptional circumstances" warrant its consideration. *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 148 (3d Cir. 2017).